GILLIES v. CONE.    See Case No. 3,095.

GILLIES (UNITED STATES v.).    See Case No. 15,206.

## Case No. 5,439.

GILLIGAN et al. v. The WINGED RACER.

[43 Hunt, Mer. Mag. 69.]

District Court, S. D. New York.  1860.

SEAMEN'S WAGES — UNAUTHORIZED EMPLOYMENT.

[Seamen shipped by direction of one claiming to be the master, but whose character as such was denied by the owner, *held* to have no lien for wages, it appearing that the voyage was never performed, and there being no evidence of the alleged master's authority.]

This was a libel on behalf of the seamen to recover wages against the vessel, by reason of the failure of a voyage to China and back, for which they had shipped. They were shipped in this port by a broker, at the request of one Hanna, who was alleged to be the master of the ship, and four of them rendered themselves on board to do duty. Hanna testified that he had possession of the ship at the time as master, but did not prove any authority from her owner, and testified also that she was shortly afterwards taken possession of by the United States marshal under process, and the voyage was broken up, and he had not had possession since. The claimants offered depositions to show that Hanna's possession was an unauthorized usurpation of her, but that evidence was excluded by reason of informality in the certificate of the commission.

Before BETTS, District Judge.

HELD. That the libelants do not furnish sufficient proof that Hanna's possession was such as to authorize him to encumber the ship with the charge of wages of a crew. There is no evidence that he brought the vessel to this port, or even exercised any control over her, except in directing the broker to ship the crew. He may have wronged the libelants, but there is no proof which can authorize the court to redress that wrong at the expense of the lawful owner, who, on the proofs, must be deemed wholly innocent of any misconduct on his part. Libel dismissed, but, as the libelants are seamen, without costs.